UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE THOMAS BARRIERA-VERA

      Petitioner,

v.                                    Case No. 8:11-cv-207-T-24-TBM
                                           8:06-cr-396-T-24-TBM

UNITED STATES OF AMERICA,

      Respondent.
_____/

**<u>ORDER</u>**

This cause comes before the Court on Petitioner Jose Barriera-Vera's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.    Background**

On September 20, 2006, a four-count indictment was returned charging Petitioner with: (1) robbing the Florida Central Credit Union located in Brandon, Florida on June 2, 2006 and brandishing a firearm in the course of the robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count I); (2) carrying and using a firearm during and in relation to the bank robbery charged in Count I, in violation of 18 U.S.C. § 924(c) (Count II); (3) attempting to rob the Florida Central Credit Union located in Lakeland, Florida on June 28, 2006 with a firearm, in violation of 18 U.S.C. § 2113(a) and (d) (Count III); and (4) carrying and attempting to use a firearm during and in relation to the attempted robbery charged in Count III, in violation of 18 U.S.C. § 924(c)

(Count IV). (Cr. Doc. 10). After trial, the Jury found Petitioner guilty on all four counts. (Cr. Doc. 50). This Court adjudicated Petitioner guilty on Counts I and II, and granted Petitioner's motion for judgment of acquittal on Counts III and IV, finding that there was insufficient evidence to support those convictions. (Cr. Doc. 55). The Court sentenced Petitioner to 141 months imprisonment for Counts I and II. (Cr. Doc. 70).

The Government appealed the decision to grant Petitioner an acquittal on Counts III and IV, and Petitioner cross-appealed arguing that he was entitled to a new trial on Counts III and IV if the Eleventh Circuit Court of Appeals reversed this Court's acquittal decision. The Eleventh Circuit reversed Petitioner's judgment of acquittal, reinstated the jury's verdict as to Counts III and IV, and remanded the case for re-sentencing. (Cr. Doc. 84). Additionally, the Eleventh Circuit denied Petitioner's cross-appeal and affirmed his conviction for Counts III and IV. *Id.*

On remand, this Court imposed a sentence of time-served on Counts I and III, a 7 year (84 month) consecutive sentence on Count II[1] and a 25 year (300 month) consecutive sentence on Count IV.[2] (Cr. Doc. 91). Petitioner appealed his newly imposed sentence. On December 1, 2009, the Eleventh Circuit entered judgment affirming Petitioner's sentence. (Cr. Doc. 100).

---

[1]As to Count II, Petitioner was sentenced to seven years pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), which states:

> [A]ny person who, during or in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than seven years.

[2]As to Count IV, Petitioner was sentenced to 25 years pursuant to 18 U.S.C. § 924(c)(1)(C)(i), which states: "[i]n the case of a second or subsequent conviction under this subsection, the person shall -- (i) be sentenced to a term of imprisonment of not less than 25 years."

Thereafter, on January 31, 2011, Petitioner filed the instant motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1).

**II.     Discussion**

    A.     <u>Timeliness of § 2255 Motion</u>

Petitioner's § 2255 motion is timely because he filed it within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1).  In *Clay v. United States*, 537 U.S. 522 (2003), the Supreme Court stated that a judgment of conviction becomes final "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Id*. at 527.  Pursuant to 28 U.S.C. § 2101(c), a petition for a writ of certiorari must be filed within 90 days after the entry of the judgment being appealed.  Thus, because the Eleventh Circuit entered judgment affirming Petitioner's sentence on December 1, 2009, Petitioner's conviction became final ninety days later on March 1, 2010, and his deadline for filing his § 2255 motion was March 1, 2011. Accordingly, Petitioner's § 2255 motion, filed on January 31, 2011, is timely.

    B.     <u>Merits of § 2255 Motion</u>

Petitioner sets forth two grounds as to why his sentence should be vacated, set aside, or corrected.  First, Petitioner contends that his Fifth and Sixth Amendment rights were violated because the jury was not put on notice that a "second or subsequent" conviction for use of a firearm under 18 U.S.C. § 924(c) would increase his sentence by an additional 25 years.  (Civ. Doc. 2 at 6).  Second, Petitioner asserts that he "is actually innocent of attempted robbery as charged under Count Three of the indictment and suffered ineffective assistance of counsel when [counsel] fail[ed] to raise the claim on direct appeal." *Id*. at 9.  The Court will address each of

these arguments in turn.

Petitioner contends that his right to due process under the Fifth Amendment of the United States Constitution and his right to trial by an impartial jury under the Sixth Amendment were violated based on the recent Supreme Court decision of *United States v. O'Brien*, 130 S. Ct. 2169 (2010). In *O'Brien*, the Supreme Court addressed the provision of 18 U.S.C. § 924(c)(1)(B)(ii), which imposes a 30-year mandatory minimum sentence if the defendant used a machine gun during and in relation to a crime of violence or drug trafficking crime. *Id*. at 2172. The issue before the *O'Brien* Court was whether the fact that a firearm was a machine gun was an element to be proved to the jury beyond a reasonable doubt or a sentencing factor to be proved to the judge at sentencing. *Id*. The *O'Brien* Court held that the machine gun provision of § 924(c)(1)(B)(ii) is an element of the offense that must be proved to the jury. *Id*. at 2180.

In the instant case, Petitioner attempts to compare his 25-year sentence pursuant to § 924(c)(1)(C)(i) for a "second or subsequent" conviction under § 924(c) to the *O'Brien* Court's holding that the machine gun provision of 924(c)(1)(B)(ii) is an element to be proved to the jury. As best the Court can tell, Petitioner asserts that his sentence should be vacated, set aside, or corrected because this Court treated the "second or subsequent" conviction provision of § 924(c)(1)(C)(i) as a sentencing factor when it should have been an element of his offense that was proved to the jury. Petitioner's argument has no merit. Petitioner's reliance on the *O'Brien* Court's decision as mandating that a "second or subsequent" conviction be an element of the offense proved to the jury is misplaced. Rather, the narrow holding in the *O'Brien* decision is that the issue of whether a firearm is a machine gun is an element that must be proved to the jury. *O'Brien*, 130 S. Ct. at 2180. Petitioner's 25-year sentence pursuant to his second or subsequent

conviction under § 924(c) is not an element of the offense, rather it is a mandatory minimum sentencing provision that this Court must apply if Petitioner has a second or subsequent conviction under § 924(c). Therefore, the *O'Brien* decision does not support Petitioner's claim.

Secondly, Petitioner asserts that he "is actually innocent of attempted robbery as charged under Count Three of the indictment and suffered ineffective assistance of counsel when [counsel] fail[ed] to raise the claim on direct appeal." (Civ. Doc. 2 at 9). To prevail on an ineffective assistance of counsel claim, Petitioner must show: "(1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that [Petitioner] suffered prejudice as a result of that deficient performance." *Adley v. United States*, 374 F. App'x 891, 892 (11th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "The court need not 'address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Id.* (quoting *Strickland*, 466 U.S at 697).

Petitioner's claim that his counsel was ineffective for failure to appeal his conviction under Count III is inaccurate. After trial, the Jury found Petitioner guilty on all four counts. (Cr. Doc. 50). This Court adjudicated Petitioner guilty on Counts I and II, and granted Petitioner's motion for judgment of acquittal on Counts III and IV, finding that there was insufficient evidence to support those convictions. (Cr. Doc. 55). The Government appealed the decision to grant Petitioner an acquittal on Counts III and IV, and Petitioner cross-appealed arguing that he was entitled to a new trial on Counts III and IV if the Eleventh Circuit reversed the Court's acquittal decision. The Eleventh Circuit reversed Petitioner's judgment of acquittal, reinstated the jury's verdict as to Counts III and IV, and remanded the case for re-sentencing. (Cr. Doc.

84). Additionally, the Eleventh Circuit denied Petitioner's cross-appeal and affirmed his conviction on Counts III and IV. *Id.* Accordingly, Petitioner's counsel did in fact appeal Petitioner's conviction under Count III on cross-appeal to the Eleventh Circuit. Therefore, Petitioner's assertion that counsel was ineffective for failing to appeal his conviction on Count III is not supported by the facts.[3] Because Petitioner's claim is not factually accurate, this Court does not reach the issue of prejudice.

## III. Conclusion

Accordingly, Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2011.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S.

---

[3] The Court notes that Petitioner's ineffective assistance of counsel argument is truly an attempt to reargue the merits of Count III.

274, 282 (2004) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of April, 2011.

Copies to:
Counsel of Record
Jose Barriera-Vera

SUSAN C. BUCKLEW
United States District Judge